MARY A. FARINGTON, *Appellee,* v. THE MODERN WOODMEN OF AMERICA, *Appellant.*

No. 16,436.

DEATH—*Proof—Seven Years' Unexplained Absence.*  In an action by the beneficiary of a member of a fraternal-insurance order who had disappeared and had not been heard from for more than seven years a judgment for the plaintiff was affirmed.

Appeal from Cherokee district court; CORB A. MC-NEILL, judge.  Opinion filed June 11, 1910.  Affirmed.

*Truman Plantz, George G. Perrin,* and *S. C. West-cott,* for the appellant.

*Edward E. Sapp,* and *Don H. Elleman,* for the appellee.

*Per Curiam:* This action was brought to recover upon a beneficiary certificate issued by Camp 804, Modern Woodmen of America, at Galena, Kan., to Ivan E. Farington, a member of that camp and son of the beneficiary, Mary A. Farington, the plaintiff.  To enable the plaintiff to recover it was necessary for her to establish the death of Ivan E. Farington.  The plaintiff claims that her son disappeared from his home December 1, 1899, and has not been heard from since that date.  Such an unexplained absence for more than

Karner v. Railroad Company.

seven years creates a presumption from which death may be inferred. (*Modern Woodmen v. Gerdom,* 72 Kan. 391.) The trial in the district court was to a jury, which upon the evidence submitted found a verdict in favor of the plaintiff.

It is claimed that the testimony presented does not show that the search made to find Ivan E. Farington was sufficient to satisfy the law upon this subject as decided by this court in the cases of *Modern Woodmen v. Gerdom,* 72 Kan. 391, 77 Kan. 401, *Renard v. Bennett,* 76 Kan. 848, and other decisions. We have carefully examined the evidence, however, and think it fully complies with the rule announced by this court in the cases mentioned. The criticism made to the admission of evidence is not justifiable. The newspaper clippings and affidavits objected to were proper evidence for the purpose offered. They tended to show what diligence had been taken to find Ivan E. Farington or to explain his absence, and this was a material question in the case.

Being unable to find any error, the judgment of the district court is affirmed.